UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN PAUL MICHA, M.D., | Case No. 09-CV-2753-JM (JMA) |
| Plaintiff, | **ORDER DENYING APPLICATION TO PERMIT TELEPHONIC APPEARANCE AT THE EARLY NEUTRAL EVALUATION CONFERENCE [Doc. 17];** |
| v. | |
| SUN LIFE ASSURANCE COMPANY OF CANADA, etc., et al., | |
| Defendants. | **ORDER RESCHEDULING EARLY NEUTRAL EVALUATION CONFERENCE** |

On April 12, 2010, Defendant Sun Life Assurance Company of Canada, U.S. ("Sun Life") filed an application to permit telephonic appearance at the Early Neutral Evaluation ("ENE") Conference. Doc. 17. Plaintiff John Paul Micha, M.D. and Defendant Group Disability Benefits Plan for Gynecologic Oncology Associates Partners, LLC each filed objections to the application. Because Sun Life has not demonstrated good cause for a telephonic appearance by its client representative at the ENE Conference, the application is **DENIED**.

In order to permit the personal appearance of Sun Life's client representative, the Early Neutral Evaluation Conference presently scheduled for April 26, 2010 is rescheduled for **June 2, 2010** at **10:00 a.m.** in the chambers of the Honorable Jan M. Adler, United States Magistrate Judge, Room 1165, U.S. Courthouse, 940 Front Street,

San Diego, California.

Pursuant to Rule 16.1(c) of the Local Rules of the United States District Court for the Southern District of California, **all named parties, all counsel, and any other person(s) whose authority is required to negotiate and enter into settlement shall appear in person at the conference,** shall be prepared to discuss the claims and defenses, and shall be legally and factually prepared to discuss and resolve the case at the Early Neutral Evaluation Conference. **The individual(s) present at the Early Neutral Evaluation Conference with settlement authority must have the unfettered discretion and authority on behalf of the party to:  1) fully explore all settlement options and to agree during the Early Neutral Evaluation Conference to any settlement terms acceptable to the party (*G. Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648, 653 (7th Cir. 1989)), 2) change the settlement position of a party during the course of the Early Neutral Evaluation Conference (*Pitman v. Brinker Int'l, Inc.*, 216 F.R.D. 481, 485-86 (D. Ariz. 2003)), and 3) negotiate a settlement without being restricted by any predetermined level of authority (*Nick v. Morgan's Foods, Inc.*, 270 F.3d 590, 596 (8th Cir. 2001)).**

Governmental entities may appear through litigation counsel only.  As to all other parties, appearance by litigation counsel only is <u>not</u> acceptable.  Retained outside corporate counsel <u>shall not</u> appear on behalf of a corporation as the party who has the authority to negotiate and enter into a settlement.  **The failure of any counsel, party or authorized person to appear at the Early Neutral Evaluation Conference as required will result in the immediate imposition of sanctions.**

All conference discussions will be informal, off the record, privileged, and confidential.

Counsel for any non-English speaking parties is responsible for arranging for the appearance of an interpreter at the conference.

Although the submission of statements is <u>not</u> required in advance of the Early Neutral Evaluation Conference, parties may submit concise statements if desired.  If a

statement is submitted, it shall be provided to chambers <u>no later than one week</u> prior to the scheduled conference.[1]  If the parties submit statements in connection with the Early Neutral Evaluation Conference, they may either do so on a confidential basis or may exchange their statements.

Rule 26 of the Federal Rules of Civil Procedure shall apply to this case.  All discovery shall be stayed until after the Rule 26(f) conference, unless otherwise permitted by Rule 26(f) or court order.

In the event the case does not settle at the Early Neutral Evaluation Conference, the parties shall also be prepared to discuss the following matters at the conclusion of the conference:

1. Any anticipated objections under Federal Rule of Civil Procedure 26(a)(1) to the initial disclosure provisions of Rule 26(a)(1)(A-E);

2. The scheduling of the Rule 26(f) conference;

3. The date of initial disclosures and the date for lodging the discovery plan following the Rule 26(f) conference; and

4. The scheduling of a Case Management Conference pursuant to Rule 16(b).

Questions regarding this case may be directed to the Magistrate Judge's law clerk at (619) 557-5585.  **Counsel shall also familiarize themselves with Magistrate Judge Adler's Chambers Rules, which are posted on the Court's website.**

**IT IS SO ORDERED.**

DATED:  April 14, 2010

_____
Jan M. Adler
U.S. Magistrate Judge

---

[1] Statements under 20 pages in length, including attachments and exhibits, may be delivered directly to chambers, e-mailed to efile_adler@casd.uscourts.gov, or faxed to (619) 702-9939.  Statements exceeding 20 pages in length, including attachments and exhibits, must be delivered directly to chambers.