UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN PAUL MICHA, M.D., an individual,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>SUN LIFE ASSURANCE COMPANY OF CANADA, a Delaware corporation, et al., GROUP DISABILITY BENEFITS PLAN FOR GYNECOLOGIC ONCOLOGY ASSOCIATES PARTNERS, LLC, a California limited liability company,<br><br>　　　　　　　　　　　　Defendants.<br><br>AND RELATED CROSS ACTIONS. | Case No.:  09cv2753 JM (BGS)<br><br>**ORDER DENYING DEFENDANT GROUP DISABILITY BENEFITS PLAN FOR GYNECOLOGIC ONCOLOGY ASSOCIATES PARTNERS, LLC'S MOTION FOR ATTORNEY'S FEES** |

　　Defendant/Cross-Complainant Group Disability Benefits Plan for Gynecologic Oncology Associates Partners, LLC ("Group Disability")[1], filed a Motion for Attorney's

---

[1] Although previously this court utilized the name style "the Plan" for Group Disability, it will follow the Ninth Circuit's lead and use the designation "Group Disability" in lieu of "the Plan."

1

Fees ("Motion") on August 14, 2015 (Doc. No. 91), asking the court to grant fees and costs incurred in defense of its original fee award of $38,216.75. (Doc. No. 63). On September 14, 2015, Defendant/Cross-Defendant Sun Life Assurance Company of Canada ("Sun Life") filed an Opposition to Motion for Attorney's Fees ("Opposition"). (Doc. No. 92). On September 21, 2015, Group Disability filed a Reply to Opposition to Motion for Attorney's Fees ("Reply"). (Doc. No. 94). Pursuant to Local Rule 7.1(d)(1), the court finds the matters presented appropriate for resolution without oral argument. For the reasons set forth below, the court denies Group Disability's motion.

## BACKGROUND

A. The Original Action and Fee Award

The facts giving rise to the original action are as follows. Group Disability is an employee welfare plan, established to provide disability benefits to employees of Gynecologic Oncology Associates Partners, LLC, including Dr. John Micha, the Plaintiff in the original action. Group Disability purchased a disability policy from Sun Life to cover its employees. When Dr. Micha sought disability benefits from Sun Life, and Sun Life denied his claim, he brought a suit against Sun Life and Group Disability under the Employee Retirement Income Security Act of 1974 ("ERISA"). See 29 U.S.C. § 1132(a)(1)(B).[2] Group Disability filed an answer admitting most of Dr. Micha's allegations, and also filed a cross-claim against Sun Life for declaration of comparative fault and indemnification. Following a settlement between Dr. Micha and Sun Life, Group Disability sought legal fees from Sun Life pursuant to 29 U.S.C. § 1132(g)(1).

Sun Life opposed Group Disability's motion for attorney's fees on four main

---

[2] Group Disability was named as a Defendant in this action despite its support of Plaintiff's position because, at the time, Ninth Circuit law did not permit a suit for benefits against a third party insurer, but required that Plaintiff name the ERISA benefits plan as a defendant. See Everhart v. Allmerica Financial Life Insurance Co., 275 F.3d 751, 756 (9th Cir. 2001). Everhart has since been overruled. See Cyr v. Reliance Standard Life, Ins. Co., 642 F.3d 1202, 1207 (9th Cir. 2011) (en banc). Therefore, as noted by the Ninth Circuit, the resolution of this case is likely to have "no practical significance" to anyone other than the parties in this action. (Ninth Circuit's Memorandum, n.1).

grounds: (1) Group Disability's action against Sun Life was not based on ERISA; (2) there was no "case or controversy" because Sun Life agreed to indemnify Group Disability and was rejected; (3) Group Disability did not achieve any success on the merits; and (4) Group Disability was not entitled to a fee award under the five-factor test established by Hummell v. S.E. Rykoff & Co., 634 F.2d 446, 453 (9th Cir. 1980). This court rejected all of Sun Life's arguments, granted Group Disability's motion for attorney's fees, and awarded $36,216.75. (Doc Nos. 74 & 77). The court's order discussed that this case involved a novel application of law regarding attorney's fees in ERISA cases. Namely, at issue was whether a nominal defendant should be allowed to recover attorney's fees from a co-defendant based on its support of a victorious plaintiff. While neither the parties nor the court were able to locate a case addressing that particular issue, the court held that ERISA's purposes would be best served by allowing Group Disability to recover attorney's fees from Sun Life, given its unique and difficult position in the action, and its support of the Plaintiff's victorious position. Sun Life appealed the court's decision to the Ninth Circuit.

B. The Ninth Circuit Appeal and the Instant Motion for Attorney's Fees

It its Memorandum issued on January 15, 2015, the Ninth Circuit affirmed this court's decision and held that Group Disability was eligible for an award of attorney's fees under ERISA. In its discussion, the court held that this court "acted within the bounds of its discretion when it implicitly realigned the parties to reflect their true interests in this litigation . . . ." (Ninth Circuit Memorandum, p. 5). Following the Ninth Circuit's ruling, Sun Life filed a petition for a writ of certiorari to the U.S. Supreme Court, which was denied on June 30, 2015. Subsequently, Group Disability filed the instant motion for attorney's fees and costs incurred as a result of defending Sun Life's appeal of the original fee award, and requested attorney's fees in the amount of $85,330.67 and costs in the amount of $1,524.07. In addition to the $86,854.74 requested in the motion, Group Disability also requests an additional $14,590.50 for the fees incurred as a result of reviewing Sun Life's opposition to the motion and preparing its

reply. In total, Group Disability requests an award of $101,445.24 for fees and costs incurred in defense of its original fee award granted by this court.

## DISCUSSION

Group Disability has moved for attorney's fees under ERISA 502(g). See 29 U.S.C. § 1132(g)). Under that provision, "[i]n any action . . . by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." § 1132(g)(1). To qualify for an award of attorney's fees, a party must have had "some success on the merits." Hardt v. Reliance Standard Life Ins., 560 U.S. 242, 256 (2010). This success need not come directly from a court's ruling. See id. at 2154 (holding that success on the merits can come from defendant's decision to pay benefits based on language in the district court's denial of plaintiff's motion for summary judgment). If a party has met the burden of showing some success on the merits, the court must examine five factors set forth in Hummell v. S.E. Rykoff & Co., 634 F.2d 446 (9th Cir. 1980). Those factors are:

> (1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to satisfy an award of fees; (3) whether an award of fees against the opposing parties would deter others from acting under similar circumstances; (4) whether the parties requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA; and (5) the relative merits of the parties' positions.

Id. at 1121.

Here, the parties recognize, there is no question that Group Disability achieved "some success on the merits," as the Ninth Circuit affirmed this court's award of attorney's fees and the U.S. Supreme Court denied Sun Life's petition for a writ of certiorari.

///
///

4

09cv2753 JM (BGS)

Analysis Under the Five Hummell Factors:

After determining that a party has reached some success on the merits, district courts in the Ninth Circuit must apply the five-factor Hummell test to determine whether to award fees. Simonia v. Glendale Nissan, 608 F.3d 1118, 1121 (9th Cir. 2010). None of the Hummell factors is "necessarily decisive." Paddack v. Morris, 783 F.2d 844, 846 (9th Cir. 1986). As explained below, three of the five Hummell factors weigh against awarding fees to Group Disability.

1. Culpability or Bad Faith

To satisfy the first Hummel factor, Group Disability must demonstrate that Sun Life engaged in culpable behavior or bad faith in appealing this court's award of attorney's fees. Where an appellee seeks attorney's fees and costs for services performed in connection with defending an appeal, courts in the Ninth Circuit review whether the appellant pursued the appeal in bad faith and not whether the appellant's conduct, which resulted in the original litigation, warrants a finding of bad faith or culpability. See DeVoll v. Burdick Painting, Inc., 35 F.3d 408, 414 (9th Cir. 1994) (attorney's fees not awarded for appellate work because "[a]ppellants' claims were neither frivolous nor made in bad faith, and were supported by existing out-of-circuit law or good faith arguments to extend, modify, or reverse the law of this Circuit"). See also Operating Eng'rs Pension Trusts v. B & E Backhoe, Inc., 911 F.2d 1347, 1357 (9th Cir.1990) (attorney's fees not awarded for appellate work because appellants did not "appeal the decision below in bad faith"). Additionally, appealing novel questions of law or issues of first impression is less likely to constitute bad faith or culpable conduct. See Misic v. Building Service Emps. Health and Welfare Trust, 789 F.2d 1374, 1379 (9th Cir. 1986) (attorney's fees not awarded because the questions at issue were novel, and each side acted in good faith).

Group Disability argues that there is a distinction between acting in "bad faith" and being "culpable," and that while it does not allege that Sun Life acted in bad faith, it does allege that Sun Life was culpable in bringing the "unwarranted" appeal. Reply, p. 3. Group Disability notes that Sun Life admitted in its opposition that it "accepts the Ninth

Circuit's ruling," and argues that if that is the case, Sun Life had no reason to appeal this court's ruling other than to harass Group Disability. <u>Id.</u> at p. 4. Sun Life, on the other hand, argues that its appeal raised an issue of first impression in the Circuit – whether an ERISA plan that was a nominal defendant could recover attorney's fees from a co-defendant. Opposition, p. 6. Therefore, Sun Life argues, the appeal was warranted and did not constitute bad faith or culpable conduct for the purpose of fee awards. <u>Id.</u>

The court finds that this factor weighs against awarding fees for the following reasons. First, at issue here is Sun Life's culpability with respect to the appeal, not its original culpability which led to the award of attorney's fees to Group Disability. Second, the court agrees with Sun Life that the original fee award involved a novel issue not addressed by the Ninth Circuit prior to the appeal. As this court recognized in its order, while the legal framework for recovery of attorney's fees under ERISA seemed clear, no prior caselaw provided guidance on the exact issue presented, i.e., whether a nominal defendant could recover from a co-defendant based on the success of the plaintiff's case. Sun Life's argument that its appeal of a novel legal issue did not constitute bad faith is well-taken.

Additionally, the court is not persuaded by Group Disability's argument that while Sun Life did not act in "bad faith," it was "culpable" in bringing the appeal. If there is, in fact, a distinction between being "culpable" and acting in "bad faith" within the context of this case, Group Disability has not provided any legal authority to illuminate any such meaningful distinction. Further, the fact that Sun Life currently admits that it accepts the Ninth Circuit's ruling is neither here nor there on the question of whether it was culpable in pursuing the appeal.

Therefore, the court finds that the first <u>Hummel</u> factor weighs against awarding fees to Group Disability.

2. <u>Ability to Satisfy Fee Award</u>

Sun Life does not dispute its ability to pay fees.

///

3. <u>Deterrence</u>

Group Disability argues that the fee award in this instance is necessary to deter insurance companies from denying legitimate benefit claims and "testing the waters" in court. Motion, p. 7. Additionally, Group Disability contends that awarding fees in this case would prevent the "unnecessary expenditure of court resources over immaterial issues of law through unwarranted appeals of reasonable rulings . . . ." Reply, p. 5. Sun Life counters, arguing that there is "no one and nothing to be deterred" given the posture of the case.

The court finds that <u>Hummell's</u> deterrence factor also weighs against awarding fees. First, the court agrees with Sun Life that if the purpose of awarding attorney's fees is to deter insurance companies from denying legitimate benefit claims, the original fee award did just that. Second, the court is not persuaded by Group Disability's argument that the fee award here would deter future parties from "testing the waters" in court, since, as already discussed above, the court finds that Sun Life brought the appeal in good faith and based on a novel legal issue. Finally, as noted by the Ninth Circuit, because of the change in law in this Circuit, the resolution of this case is likely to have no practical significance to anyone other than the parties on appeal. Ninth Circuit's Memorandum, n.1. Therefore, since the unique facts of this case are unlikely to be repeated, an award of attorney's fees in this case should have no significant deterrent effect for future appeals of this kind.

Therefore, the court finds that this <u>Hummell</u> factor also weighs against awarding fees.

4. <u>Benefit to All Plan Participants or Resolution of Significant Legal Question</u>

Group Disability admits that this factor does not weigh in favor of an award of fees. Instead, Group Disability argues that this factor is largely inapplicable in an

///
///
///

individual dispute, and should therefore be deemed inapplicable here. The court agrees.[3]

    5. <u>Relative Merits of the Parties' Position</u>

Group Disability argues that it has met the final <u>Hummell</u> factor based on the outcome of Sun Life's appeal and the Supreme Court's denial of its petition for a writ of certiorari. Motion, p. 9. Group Disability further contends that Sun Life's position on appeal completely lacked merit, and that the appeal was brought for the sole purpose of harassing and draining the resources of its opposition. Reply, p. 6. Sun Life, on the other hand, submits that it was "substantially justified" in appealing the fee award, given that the appeal involved a legal issue not previously addressed by the Ninth Circuit. Opposition, p. 9.

Given the outcome of Sun Life's appeal, the court finds that this factor only slightly weighs in favor of awarding fees to Group Disability. Although Group Disability prevailed in all stages of the appeal, Sun Life's position was predicated upon fairly debatable legal arguments involving a novel ERISA issue.

## CONCLUSION

As explained above, this appeal involved a novel application of law regarding attorney's fees in ERISA cases. On the whole the <u>Hummell</u> factors weigh against awarding fees. The court is persuaded that Sun Life appealed this court's decision in good faith, mustering what legal arguments it could. Additionally, Sun Life has already paid the Plaintiff and Group Disability attorney's fees accrued as a result of its unreasonable and ill-advised conduct leading to this litigation. The court is satisfied the original fee award will provide deterrent value for such conduct in the future, taking into

---

[3] Plaintiff cites an out-of-circuit case, <u>Holmstrom v. Metro. Life Ins., Co.</u>, 2011 WL 2149353, at *3 (N.D. Ill. May 31, 2011), for the proposition that this factor is "largely inapplicable in cases . . . that deal with an individual claim . . . "). As already discussed, none of the <u>Hummell</u> factors is dispositive. Therefore, the fact that this factor has been deemed less relevant in cases involving individual claims is not a ground to discard it, but rather a consideration in the court's review of the five factors in their totality.

consideration that the unique backdrop of this case is unlikely to be repeated given the change of law in the Ninth Circuit.

Group Disability's motion for attorney's fees is denied.

IT IS SO ORDERED.

DATED: September 30, 2015

JEFFREY T. MILLER
United States District Judge